UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDGAR MAC COLLINS,

        Plaintiff,

   v.

STATE OF CALIFORNIA,

        Defendant.

CIV. NO. S-06-2061 WBS KJM

ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiff Edgar M. Collins brought this action against defendant State of California arising out of plaintiff's incarceration at the California State Prison at Corcoran ("CSP-Cor"), alleging violations of his Eighth Amendment and Equal Protection rights pursuant to 42 U.S.C. § 1983 and his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq. Defendant now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the Section 1983 claim on the ground of sovereign immunity under the Eleventh Amendment to the United States Constitution, and to dismiss the ADA claim for failure to state a claim upon which relief may be granted.

1

I.   Factual and Procedural Background

Plaintiff, an African-American, asserts that two Oroville Police officers physically abused him during an arrest, resulting in eye injury and orbital damage.[1] (Compl. ¶ 9.) Plaintiff was subsequently incarcerated in CSP-Cor. (Id. ¶¶ 9-11.) Plaintiff contends that while at CSP-Cor he was never provided medical treatment for his eye injuries, resulting in a vision impairment. (Id. ¶¶ 9, 18).

Plaintiff further asserts that on June 1, 2005, during his incarceration at CSP-Cor, he fell while descending a stair case and suffered an oblique fracture. (Id. ¶ 10) Plaintiff contends that he did not receive timely medical treatment and consequently his foot healed poorly. (Id.) Plaintiff contends that despite the recommendations of the prison doctor, plaintiff was given neither soft shoes nor a lower bunk, which resulted in continuing pain, further injuries, and a permanent change to his gait. (Id. ¶¶ 16-17.)

II.   Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972). The court may not dismiss for failure to state a claim unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Dismissal is

---

[1] Plaintiff's allegations against the Oroville Police officers are the subject of another complaint. (Compl. ¶ 9.)

2

appropriate, however, where the pleader fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988); <u>see also</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

    A.   <u>Section 1983 Claim</u>

The Eleventh Amendment precludes suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State,[2] or by Citizens or Subjects of any Foreign State." <u>Tenn. Student Assistance Corp. v. Hood</u>, 541 U.S. 440, 446 (2004). Eleventh Amendment immunity is not absolute and may be waived by the state in question or by Congressional action. <u>Seminole Tribe of Fla. v. Fla.</u>, 517 U.S. 44, 54-55 (1996).

Plaintiff argues that California has waived its immunity because it has consented to be sued under the California Tort Claims Act, Cal. Gov't. Code § 810 <u>et.</u> <u>seq.</u> (Opp'n 1-2.) However, California's consent to be sued in tort, under the California Tort Claims Act, is intended to apply only to actions in the state courts. <u>Riggle v. Cal.</u>, 577 F.2d 579, 586 (9th Cir. 1978). The State of California has not waived its immunity to

---

[2] The Supreme Court has read the word "another" out of the phrase "of another State" in the Eleventh Amendment. <u>See</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 276 (1986)("This language expressly encompasses only suits brought against a State by citizens of another State, but this Court long ago held that the Amendment bars suits against a State by citizens of that same State as well. <u>See</u> <u>Hans v. Louisiana</u>, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)").

3

suits in federal courts through the passage of that act.  Id. Further, it is well established that Congress did not abrogate Eleventh Amendment immunity in 42 U.S.C. § 1983.  McConnell v. Critchlow, 661 F.2d 116, 117 (9th Cir. 1981) ("Under the Eleventh Amendment, states that have not consented to suit are immune from § 1983 suits in federal court.") (citing Quern v. Jordan, 440 U.S. 332, 338 (1979); Edelman v. Jordan, 415 U.S. 651 (1974)).

Dismissal with prejudice is appropriate when the complaint cannot be saved by amendment.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").  California's sovereign immunity cannot be overcome with an amended complaint.  Accordingly, the first cause of action must be dismissed with prejudice.

B.  ADA Claim

The ADA does not provide a private right of action for substandard medical care.  Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) ("Several circuits have expressly concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence.") (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("Even apart from the prison setting it would be extremely odd to suppose that disabled persons whose disability is treated negligently have a federal malpractice claim by virtue of the Americans With Disabilities Act, whereas a sick or injured but not disabled person--a person suffering from an acute viral infection, perhaps, or who has broken his leg, or who has a hernia or an

4

inflamed gall bladder--must be content with the remedy that the state law of medical malpractice provides.")); See also Grzan v. Charter Hosp. of Nw. Ind., 104 F.3d 116, 121, 123 (7th Cir. 1997) (affirming district court's dismissal under Fed. R. Civ. P. 12(b)(6) of plaintiff's § 504 claim of the Rehabilitation Act because "section 504 [which 'is materially identical to the ADA'] does not provide a federal malpractice tort remedy" and allegations of discriminatory medical treatment do not fit into the four-element framework required by Section 504).

Here, plaintiff merely alleges substandard medical care. He asserts that he did not receive appropriate medical care and was not given reasonable accommodations to promote proper healing. (Compl. ¶ 9-10, 16-18.) He does not allege (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; or (3) that such exclusion or discrimination was by reason of his disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) (setting forth the elements of an ADA claim). Because that is not a claim upon which relief may be granted under the ADA, plaintiff's second cause of action must be dismissed.

C.  State Claims

Plaintiff requests the court to exercise supplemental jurisdiction over state law causes of action referenced in the complaint pursuant to 28 U.S.C. § 1367. (Compl. ¶¶ 4-5.) However, plaintiff merely alludes to an action before the California Victim Compensation and Government Claims Board and

does not specify the defendant(s) or the cause(s) of action. Under 28 U.S.C. § 1367(c)(3), the court has discretion to dismiss state law claims when it has dismissed all of plaintiff's federal claims. "In the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991). Some circuits have held that a court may retain jurisdiction over state law claims if extraordinary or unusual circumstances justify their retention. See, e.g., Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, there has been no showing of extraordinary or unusual circumstances in this case. Therefore, the court declines to exercise supplemental jurisdiction over whatever state claim or claims to which the complaint may allude.

       IT IS THEREFORE ORDERED that:

       (1) plaintiff's Section 1983 claim be, and the same hereby is, DISMISSED WITH PREJUDICE;

       (2) plaintiff's claim under the Americans with Disabilities Act be, and the same hereby is, DISMISSED WITHOUT PREJUDICE;

       (3) any remaining state claims are DISMISSED, pursuant to 28 U.S.C. 1367(c)(3).

       Plaintiff is given 30 days from the date of this order to file an amended complaint. An amended complaint should not be filed unless counsel believes in good faith that plaintiff can

state a claim upon which relief can be granted consistent with this order.

DATED: January 11, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE