UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDGAR MAC COLLINS,

        Plaintiff,

   v.

STATE OF CALIFORNIA,

        Defendant.

NO. 06-CV-02061 WBS KJM

ORDER RE: MOTION TO DISMISS

----oo0oo----

        Defendant State of California moves to dismiss plaintiff Edgar Mac Collins' first amended complaint ("FAC"), which alleges violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.  Plaintiff has filed a response stating that although he "continues to contend he is a qualified individual and one denied reasonable accommodation under the Americans With Disabilities Act," he recognizes that his claims are "more properly addressed as ordinary tort claims," and therefore "has filed his suit in state court and intends to proceed solely therein."  The court interprets plaintiff's response as a statement of non-opposition to the motion.

1

Although plaintiff's amended complaint adequately alleges that he is a qualified individual under the ADA, the only public entity activity plaintiff contends he was denied sufficient access to was medical services.  Medical care is one of the "services, programs, or activities" covered by Title II of the ADA.  <u>United States v. Georgia</u>, 546 U.S. 151, 157 (2006).  However, "where the handicapping condition is related to the (conditions) to be treated, it will rarely, if ever, be possible to say with certainty that a particular decision was 'discriminatory'."  <u>United States v. Univ. Hosp.</u>, 729 F.2d 144, 157 (2d Cir. 1984).

Plaintiff's decision not to oppose the motion therefore appears to be appropriate.  Plaintiff's complaint alleges only substandard medical care for injuries to his eyes and foot, and his mental health problems.  (FAC ¶¶ 6-7, 12-13.)  It fails to allege that he was discriminated against in any other way aside from his medical care or that he received discriminatory treatment because of his disability.  It is well established that the ADA does not provide a private right of action for substandard medical care.  <u>Fitzgerald v. Corr. Corp. of Am.</u>, 403 F.3d 1134, 1144 (10th Cir. 2005) ("Several circuits have expressly concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence.") (citing <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996)).

The Ninth Circuit instructs that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

2

not possibly be cured by the allegation of other facts." <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2003) (quoting <u>Doe v. U.S.</u>, 58 F.3d 494, 497 (9th Cir. 1995)).  Here, the court has advised plaintiff of the elements of a properly plead ADA claim, and the fact that the ADA does not provide a private right of action for substandard medical care.  (January 11, 2007 Order 4-5.)  Because plaintiff has already been given an opportunity to cure these defects, the court will dismiss plaintiff's complaint with prejudice.  <u>See</u> e.g., <u>Nicholson v. Maricopa County Sheriff's Office</u>, No. 06-470, 2006 WL 2092604, at *1 (D. Ariz. July 26, 2006) ("Plaintiff's First Amended Complaint will be dismissed without leave to amend because the defects in the original Complaint were not corrected.").  Plaintiff's response to the motion seems to acquiesce to this outcome.

     IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and same hereby is, GRANTED, and the action is hereby DISMISSED WITH PREJUDICE.

DATED:  May 22, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3